UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| VALLEY HEALTH SYSTEM LLC et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> AETNA HEALTH, INC. et al., ) <br> ) <br> Defendants. ) <br> ) | No. 2:15-cv-01457-JCM-NJK <br><br> ~~PROPOSED~~ **STIPULATED PROTECTIVE ORDER** <br><br> AS AMENDED, PAGES 3-4 |

**IT IS HEREBY ORDERED** that the Joint Motion for Entry of Stipulated Protective Order is **GRANTED**, and that the production of documents marked or designated as "Confidential" in discovery in this action shall be governed by the terms of this Stipulated Protective Order as follows:

1. This lawsuit may involve the discovery of documents and testimony containing medical information subject to the Standards of Privacy of Individually Identifiable Health Information, 45 C.F.R. §§ 160 and 164, promulgated pursuant to HIPAA, or of documents and testimony containing confidential information, including trade secrets, proprietary business information, or commercial and financial data (collectively, "Confidential Documents").

2. Confidential Documents, and the information contained in them, will not be disclosed to anyone other than attorneys and other law firm personnel working on this case (including, without limitation, paralegals and support staff), the parties, and any experts retained by the parties for the purpose of either assisting counsel or testifying in this action, and the support staff of such experts. Confidential Documents and the information contained in them will not be disclosed to other third parties. All experts, including their support staff and

any other third parties who are allowed by the parties to review Confidential Documents, will sign the Confidentiality Agreement, attached to this Order as Exhibit A, before being allowed to review or copy any Confidential Documents.

3. Confidential Documents not previously produced shall be marked or stamped "Confidential." In no event shall the mark, stamp, or notation interfere with the legibility of any part of the Confidential Documents produced.

4. Certain Confidential Documents may be marked "Confidential-Attorney's Eyes Only," in which case those documents shall be subject to review only by lawyers enrolled in this case and their support staff, and by no other third parties, including experts or representatives of the parties, without the prior written consent of the party producing the "Confidential-Attorney's Eyes Only" document, unless otherwise ordered by the Court. As used in this Order, the term "Confidential Documents" refers to documents marked "Confidential-Attorney's Eyes Only," as well as those marked "Confidential."

5. Confidential Documents includes, without limitation, the parties' financial records and statements, contracts, financial data, pricing information, including fee schedules, employee personnel files, legal invoices and other documents concerning legal services, documents containing protected health information ("PHI"), and documents containing confidential, development, research, marketing, or proprietary business information not normally available to the public or to individuals or entities other than the producing party and its affiliates, and if, and only if, said Confidential Documents are marked or designated "Confidential." Documents shall be marked or designated "Confidential" in good faith.

6. This Stipulated Protective Order applies to all copies of Confidential Documents, or other materials prepared from Confidential Documents, by any person subject to this Stipulated Protective Order.

7. Use of Confidential Documents and the information contained in them is specifically limited to the litigation of the claims and defenses in this legal action, titled *Valley Health System, LLC et al. v. Aetna Health, Inc. et al.*, No. 2:15-cv-01457-JCM-NJK, in the United States District Court for District of Nevada (the "Lawsuit").

1       8.      Confidential Documents shall be subject to the following procedure for use in
2  depositions and court filings:
3       (a)     Any party wishing to use Confidential Documents in a deposition must
4  first identify the Confidential Documents on the record as subject to this Stipulated Protective
5  Order. The Confidential Documents and the portion of the examination dealing with the
6  Confidential Documents and their subject matter will be treated as confidential.  Nothing in this
7  Order, however, bars any party from utilizing a Confidential Document in a deposition or
8  showing such document to a witness in a deposition, provided that the procedures set forth in
9  this Order are followed.

10      (b)     Nothing in this Order shall be construed as automatically permitting a
11 party to file Confidential Documents under seal.  Before a party files its own Confidential
12 Documents under seal, such party shall seek leave of Court and show "compelling reasons" (for
13 a dispositive motion) or "good cause" (for a non-dispositive motion) for filing under seal. *See*
14 LR 10-5; *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).
15 Additionally, such party seeking to file under seal shall, within the applicable deadline, file a
16 redacted, unsealed version of any motion, response, or reply, if such party is waiting for a ruling
17 from the Court on filing an unredacted, sealed version of the same document.  Further, no
18 portion of the trial of this matter shall be conducted under seal.

See order issued concurrently herewith

19      (c)     ~~If a party wishes to use another party's Confidential Documents to~~
20 ~~support or oppose a motion, the party seeking to use the Confidential Documents shall make~~
21 ~~good faith efforts to notify the party who designated the documents as confidential sufficiently~~
22 ~~before filing to allow the designating party the opportunity to protect its confidential~~
23 ~~information and seek leave of court to file the Confidential Documents under seal. The non-~~
24 ~~designating party shall also take reasonable efforts to protect the Confidential Documents,~~
25 ~~including by filing a redacted, unsealed version of any motion, response, or reply pending a~~
26 ~~ruling from the Court on a motion for leave to file the Confidential Documents at issue under~~
27 ~~seal.~~
28

STIPULATED PROTECTIVE ORDER
- 3 -

1	(d)	~~Confidential Documents and portions of deposition testimony dealing~~
2	~~with Confidential Documents shall be provided to the Court with a motion for leave to file~~
3	~~under seal. If the Court does not grant the motion in full, then consistent with the Court's~~
4	~~ruling, the parties will work cooperatively and in good faith to redact as much as possible the~~
5	~~confidential material without affecting the intended use of the Confidential Documents or~~
6	~~portions of deposition testimony.~~

7	(e)	The parties agree that in connection with an evidentiary hearing or trial in
8	this matter, the parties will attempt to agree to the manner in which Confidential Documents
9	and confidential deposition testimony will be submitted to the Court. If no agreement is
10	reached, any party may seek relief from the Court on the use of Confidential Documents in such
11	proceedings, but the Court retains ultimate authority to allow the use of Confidential
12	Documents in open court.

13	9.	The parties agree that, following the dismissal of the Lawsuit and within sixty
14	days written notice by the producing party, the non-producing party shall exercise reasonable
15	and good faith efforts to: (a) return to the producing party (through its counsel) or destroy by
16	shredding all Confidential Documents in tangible form, and (b) delete, erase, quarantine, or
17	prevent unauthorized access to Confidential Documents that are electronically stored or
18	archived. However, a party may retain any files or documents containing Confidential
19	Documents as long as may be required by statute, regulation, or rule, or as long as necessary to
20	satisfy obligations to reinsurers or make reinsurance recoveries. A party that retains
21	Confidential Documents pursuant to this provision shall promptly so advise the producing party
22	of its intention. A party and its counsel may retain their work product, court filings, and official
23	transcripts and exhibits containing Confidential Documents, provided that the party continues to
24	treat the Confidential Documents in the manner provided by this Order. Within sixty days of
25	receipt of the written notice by the producing party, the non-producing party (through its
26	counsel) shall confirm in writing that both the non-producing party and counsel conducted a
27	reasonable and good faith search to locate all Confidential Documents and exercised reasonable
28	and good faith efforts in the completion of the actions set forth in (a) and (b) of this paragraph.

1  Through its counsel, the parties and counsel further agree that the information contained in the
2  Confidential Documents will be kept confidential, and that neither the non-producing party nor
3  its counsel has taken, or will take, any action contrary to the requirements and intent of this
4  paragraph 9.  The parties acknowledge that the provisions of this paragraph are intended to
5  respond to the practical difficulties and burdens of locating and destroying all Confidential
6  Documents, and particularly those in electronic form, while preserving the parties' intention to
7  keep Confidential Documents forever confidential.

8        10.     By entering into this Stipulated Protective Order, the parties do not waive any
9  privilege that may otherwise apply and do not waive objections to discovery.  They reserve the
10 right to withhold from production all documents that are privileged or otherwise protected from
11 disclosure.  In addition, by entering into this Order, the parties reserve the right to seek
12 additional protection for documents or information for which the protections in this Order are
13 deemed to be inadequate.  Further, the inadvertent failure to indicate confidentiality of a
14 document is not a waiver of any rights under this Stipulated Protective Order or otherwise.  On
15 demand of the producing party that a document should have been so designated, all copies of
16 any such document shall be marked confidential pursuant to this Order and treated in
17 accordance with its provisions. The parties also agree that this Stipulated Protective Order shall
18 not preclude a party from objecting to designations of documents as confidential or waive that
19 party's right to challenge confidentiality designations through appropriate objections and
20 motions for orders determining that such documents are not confidential and not subject to this
21 Order.

22       11.     The inadvertent or unintentional disclosure of any information or document is
23 not a waiver, in whole or in part, of any party's claim to privilege to, or other protection from
24 discovery of, that information or document.  On the discovery of an inadvertent, or likely
25 inadvertent, disclosure by any party, the discovering party shall notify the other parties of the
26 disclosure. Once the disclosing party confirms an inadvertent disclosure and provides the basis
27 for its claim to privilege or other protection from disclosure, the receiving parties shall promptly
28 destroy by shredding all copies in tangible form, delete all electronically stored or archived

1  copies, and notify the disclosing party in writing that such destruction or deletion has been
2  completed. If a receiving party has disclosed the inadvertently disclosed information or
3  document before being notified, it must take all reasonable steps to retrieve it. Absent any
4  dispute over the disclosing party's claim to privilege or protection from discovery, the receiving
5  parties shall not use the inadvertently disclosed information in any manner, and shall keep such
6  information forever confidential. If a receiving party disputes the disclosing party's claim to
7  privilege or other protection from discovery, the disputing party must segregate the information
8  or document from the original production, quarantine all tangible and electronic copies, and
9  refrain from using the information or document in any manner until the claim is resolved. If a
10  disputing party seeks to use such inadvertently disclosed information or document and the
11  parties cannot resolve their dispute through good faith efforts, the receiving party may present
12  the information to the Court under seal for a determination of the disclosing party's claim.

13        12.    Nothing in this Stipulated Protective Order prevents the parties from entering
14  into confidentiality agreements or obtaining other protective orders by stipulation or otherwise.
15  Moreover, nothing in this Order limits any party's use of its own Confidential Documents.

16        13.    The attorneys of record in this Lawsuit are responsible for employing reasonable
17  measures to control, consistent with this Stipulated Protective Order, duplication of, access to,
18  and distribution of copies of the stamped Confidential Documents. Parties shall not duplicate
19  any of the Confidential Documents, except as necessary for purposes of this Lawsuit.

20        DATED this __4th__ day of November, 2015.

                                                                         United States Magistrate Judge

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I have read and understand the Stipulated Protective Order entered by the Court in this case on _____, to which this Agreement is attached, and execute this Agreement pursuant to that Order.  I will use any documents or information designated as "confidential" under the terms of the Stipulated Protective Order ("Confidential Information") solely for the purpose of assisting counsel to prepare for trial or otherwise to prepare for the prosecution or defense of the above-captioned matter.  I will not use Confidential Information for any other purpose, including business, governmental, or commercial, or for any other administrative or judicial proceedings or arbitrations.  I will not disclose Confidential Information to any other person whatsoever, except counsel who retained me or my staff or employer, provided that disclosures to my staff or employer shall be made only on a need to know basis and only on verification that such persons have also executed this Agreement.  I understand that any unauthorized disclosure of any Confidential Information constitutes contempt of court.  I hereby consent to the personal jurisdiction over me by this Court for the purposes of this litigation.

Dated: _____        By: _____
                                           Name

                                        _____
                                        Address

                                        _____

                                        _____
                                        Employer