JOHN H. COTTON (Nevada Bar No. 5268)
E-Mail: jhcotton@jhcottonlaw.com
MELANIE BERNSTEIN CHAPMAN (Nevada Bar No. 6223)
E-Mail: mchapman@jhcottonlaw.com
**JOHN H. COTTON & ASSOCIATES, LTD.**
7900 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
Telephone: (702) 832-5909
Facsimile: (702) 832-5910

GLENN E. SOLOMON (Admitted *Pro Hac Vice*)
E-Mail: gsolomon@health-law.com
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, CA 90067-2517
Telephone: (310) 551-8111
Facsimile: (310) 551-8181

JENNIFER A. HANSEN (Admitted *Pro Hac Vice*)
E-Mail: jhansen@health-law.com
**HOOPER, LUNDY & BOOKMAN, P.C.**
101 West Broadway, Suite 1200
San Diego, CA 92101-3890
Telephone: (619) 744-7300
Facsimile: (619) 230-0987
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

VALLEY HEALTH SYSTEM LLC et al.,

Plaintiffs,

vs.

AETNA HEALTH, INC. et al.,

Defendants.

Case No. 2:15-cv-01457-JCM-NJK
(Hon. James C. Mahan)

**JOINT MOTION AND ~~[PROPOSED]~~ ORDER TO CLARIFY AND AMEND SCHEDULING ORDER AND DISCOVERY PLAN**

**(First Request)**

Trial Date: None Set

Plaintiffs Valley Health System, LLC and Summerlin Hospital Medical Center, LLC ("Valley Health" or Plaintiffs") and Defendants Aetna Health, Inc. and Aetna Health Management, LLC ("Aetna" or "Defendants") (collectively, the "Parties") jointly move for clarification of the Scheduling Order and Discovery Plan [D.E. 30] entered by the Court on October 5, 2015 (the "Scheduling Order"), regarding the deadlines set for expert witness disclosures. A copy of the Scheduling Order is attached hereto as Exhibit A.

Paragraph 5 of the Scheduling Order regarding expert disclosures states both Valley Health's and Aetna's positions, but does not specify which schedule for expert disclosures would be applicable to this action. Paragraph 5 reads as follows:

> 5. Fed. R. Civ. P. 26(a)(2) Expert Disclosures: The Parties agree that the time deadlines specified in Fed. R. Civ. P. 26(a)(2)(C) for disclosures concerning experts should be modified pursuant to Local Rule 26-1(e)(3). Valley Health's position is that the Parties should simultaneously exchange expert disclosures sixty (60) days before the discovery cut-off date, or March 21, 2016, and that disclosures respecting rebuttal experts be made simultaneously thirty (30) days after the initial disclosure of experts, or April 20, 2016.
>
> Aetna's position is that expert disclosures should be phased to correspond to the applicable burden of proof, which, at this time, Valley Health carries on all issues. The Advisory Committee Notes to the 1993 Amendments to Rule 26 expressly state that "in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." Aetna therefore proposes that expert disclosures supporting an issue on which a party bears the burden of proof must be made by March 14, 2016. Under Aetna's proposal, responsive expert disclosures would be due on April 13, 2016, and rebuttal disclosures would be due April 27, 2016.

The Parties jointly request that the Court clarify the deadlines for expert disclosures in this action, subject to the extension of deadlines requested below, and issue an order modifying the Scheduling Order accordingly.

Pursuant to LR 6-1 and 26-4, Valley Health and Aetna also respectfully request an order amending the Scheduling Order to extend all deadlines by 90 days.

This case involves thirteen claims for relief arising from Aetna's alleged refusal to pay, in whole or part, for medical services provided to certain Aetna Members over a 19-month period at

five hospitals operated by Valley Health in the Las Vegas area. This lawsuit therefore implicates tens of thousands of medical reimbursement claims and a massive volume of billing data and medical and insurance-related documents, that the parties are currently gathering and analyzing, but has not yet been produced by either side. This analysis may require multiple experts on each side, and voluminous discovery, including third-party discovery.

On August 5, 2015, Aetna filed a motion to dismiss, which is still pending before the Court. The Court's ruling on that motion, which challenges all of Valley Health's unjust-enrichment and tort claims, may somewhat streamline the scope of discovery in this case.

On November 9, 2015, the Parties exchanged Rule 26(a)(1) initial disclosure statements. Pursuant to the Parties' Stipulation, the Court entered a Protective Order on November 4. [D.E. 33.] On December 8, 2015, Valley Health served Aetna with its first set of written discovery requests. In light of the holidays and the volume of reimbursement claims at issue, Valley Health agreed to extend Aetna's time to respond to this discovery for 30 days (*i.e.* from January 11, 2016 to February 10, 2016) at Aetna's request.

Given the complicated factual and legal issues raised by this case and the anticipated volume of discovery, the Parties do not expect to be able to complete all fact and expert discovery by the Scheduling Order's current deadlines, despite their good faith efforts to do so. For example, as set forth in the Scheduling Order, the final date for the Parties to amend pleadings or add parties without further court order is February 19, 2016. The extension for Aetna to respond to discovery leaves insufficient time for Valley Health to review Aetna's discovery responses, and any documents produced at that time, to determine whether or not Valley Health may need to file a motion to amend its pleadings or add any parties to this action. In addition, that deadline leaves insufficient time to amend given the continued pendency of Aetna's motion to dismiss. Likewise, the volume of anticipated data and documents to be disclosed leaves Valley Health insufficient time to analyze those materials and prepare expert disclosures by March 14, 2016 – the date proposed by Aetna's schedule.

Accordingly, the parties agree and submit that good cause exists for the extension of all deadlines in the Scheduling Order by a period of 90-days. Specifically, the Parties respectfully

request that the deadlines be amended as follows:

A. Close of discovery: August 18, 2016

B. Final date to file motions to amend pleadings or add parties (without a further court order): May 19, 2016

C. Final dates for expert disclosures:

Valley Health's Proposal

(1) Initial disclosure: June 20, 2016

(2) Rebuttal disclosures: July 19, 2016

~~Aetna's Proposal~~

~~(1) Initial disclosure (by party with the burden of proof):~~ ~~June 13, 2016~~

~~(2) Responsive disclosures:~~ ~~July 12, 2016~~

~~(3) Rebuttal disclosures:~~ ~~July 26, 2016~~

D. Final date to file dispositive motions: September 15, 2016

E. Joint Pretrial Order: October 13, 2016

For the foregoing reasons, the Parties respectfully request that the Court enter the Proposed Order attached hereto.

**(Signatures on Following Page – Remainder of Page Intentionally Left Blank)**

**IT IS SO STIPULATED.**

Dated: January 29, 2016

HOOPER, LUNDY & BOOKMAN, P.C.

By: /s/ *Jennifer A. Hansen*
JENNIFER A. HANSEN
Attorneys for Plaintiffs

Dated: January 29, 2016

STEPTOE & JOHNSON LLP

By: /s/ *Jon T. Neumann*
JON T. NEUMANN
Attorneys for Defendants

**[PROPOSED] ORDER**

Having reviewed the Joint Motion submitted by the Parties in this action, the Court HEREBY ORDERS that the following deadlines are extended as follows:

A. Close of discovery: August 18, 2016

B. Final date to file motions to amend pleadings or add parties (without a further court order): May 19, 2016

C. Final dates for expert disclosures:

Valley Health's Proposal

(1) Initial disclosure: June 20, 2016

(2) Rebuttal disclosures: July 19, 2016

~~Aetna's Proposal~~

~~(1) Initial disclosure (by party with the burden of proof):~~ ~~June 13, 2016~~

~~(2) Responsive disclosures:~~ ~~July 12, 2016~~

~~(3) Rebuttal disclosures:~~ ~~July 26, 2016~~

D. Final date to file dispositive motions: September 15, 2016

E. Joint Pretrial Order: October 13, 2016

**IT IS SO ORDERED.**

Dated: January 29, 2016

United States Magistrate Judge