UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| VALLEY HEALTH SYSTEM LLC, et al., | ) | Case No. 2:15-cv-01457-JCM-NJK |
| Plaintiff(s), | ) | |
| | ) | ORDER |
| vs. | ) | (Docket Nos. 56, 61, 71) |
| | ) | |
| AETNA HEALTH, INC., et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

Pending before the Court are various motions to seal. Docket Nos. 56, 61, 71. The Court finds none of the motions ripe for determination at this time, as discussed more fully below. In the meantime, the Court **INSTRUCTS** the Clerk's Office to keep the subject documents sealed for the time being.

**I.    STANDARDS**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

The standard applicable to a motion to seal turns on whether the sealed materials are submitted in conjunction with a dispositive, or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied*, __

S.Ct. \_\_\_, 2016 WL 1222536 (U.S. Oct. 3, 2016).  Parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1137).

On the other hand, parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.  Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process.  *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).

The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) (applying Ninth Circuit law regarding competitive harm to business and the definition of "trade secret").  On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

The burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178.  The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Kamakana*, 447 F.3d at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential nature of documents).  Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447

F.3d at 1182. In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Lastly, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

## II.   DOCKET NO. 56

Valley Health's motion to seal relates to a motion to dismiss and a motion to compel arbitration, and seeks to seal five contracts. *See* Docket No. 56; *see also* Docket No. 57 (sealed documents). The motion is supported by generalized statements that the "contracts *may* contain trade secrets, highly proprietary and competitively sensitive financial information, and aspects of the parties' relationships with its customers and business partners, the disclosure of which would be prejudicial to the parties." Docket No. 56 at 3 (emphasis added). A generalized assertion that documents "may" contain confidential information is plainly insufficient to satisfy the compelling reasons standard. *Cf. Kamakana*, 447 F.3d at 1182 (rejecting conclusory assertions). Moreover, no declaration was filed attesting to the nature of the material contained in the contracts or the potential harm that would result from their disclosure. *Cf. id.* at 1178 (requiring "specific factual findings" for motion to seal).[1] In addition, the pleadings and various other filings have already quoted from and summarized at some length the contracts at issue, *see, e.g.*, Docket No. 1-2 (complaint) at ¶¶ 21-29 (quoting, summarizing, and discussing at some length the Old Beech Street and New Beech Street Agreements), making it less clear that the contracts are confidential and, if they are confidential in some respects, whether they should be redacted rather than sealed in their entirety.

---

[1] Valley Health notes that the contracts were designated as "confidential" by Aetna pursuant to the stipulated protective order. *See* Docket No. 56 at 3. To the extent Aetna believes the contracts should be sealed, it may also file a declaration in support of the sealing request as outlined herein.

1  Accordingly, for the reasons outlined herein, any party who wishes for these contracts to remain
2  sealed shall file further support with respect to the motion to seal.

3  **III.    DOCKET NO. 61**

4  Aetna's motion to seal relates to a pending motion to compel arbitration. Docket No. 61; *see
5  also* Docket No. 62 (sealed documents). As an initial matter, due to a clerical error, this motion and the
6  corresponding sealed exhibits were inadvertently stricken through an order meant to strike filings related
7  to a motion to compel discovery. *See* Docket No. 67. The Court hereby **INSTRUCTS** the Clerk's
8  Office to unstrike Docket Nos. 61 and 62, but to also keep Docket No. 62 sealed for the time being.

9  Turning to the merits of the motion, the Court finds it insufficiently developed for reasons similar
10 to those addressed in Section II. In particular, the motion states in boilerplate terms the agreements at
11 issue contain proprietary, confidential information that is competitively sensitive. No elaboration is
12 provided and no declaration was filed to support the assertions. Moreover, the motion notes that Aetna
13 has designated the documents as confidential, which is not in of itself grounds to seal them. *See, e.g.*,
14 Docket No. 34 at 2 ("The fact that a court has entered a blanket stipulated protective order and that a
15 party has designated a document as confidential pursuant to that protective order does not, standing
16 alone, establish sufficient grounds to seal a filed document" (citing *Foltz*, 331 F.3d at 1133 and *Beckman
17 Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).[2]

18 Accordingly, for the reasons outlined herein, any party who wishes for these contracts to remain
19 sealed shall file further support with respect to the motion to seal.

20 **IV.    DOCKET NO. 71**

21 Valley Health's motion to seal relates to a motion to compel discovery, and appears to be
22 predicated entirely on the fact that Aetna designated a manual as "confidential" pursuant to the stipulated
23 protective order. Docket No. 71 at 2; *see also* Docket No. 70 (sealed documents). The Court has
24 previously addressed how a motion to seal must be presented in those circumstances:

---

[2] The motion does not take a position on the applicable standard for a motion to seal filed in conjunction with a motion to compel arbitration. *See* Docket No. 61 at 2. Absent further briefing persuading the Court otherwise, the Court will apply the "compelling reasons" standard. *See Orlob-Radford v. Midland Funding LLC*, 2016 WL 5859002, at *8 (E.D. Wash. Oct. 5, 2016).

4

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the opposing party (or non-party) at least seven days prior to filing the designated document. The designating party must then make a good faith determination if the relevant standard for sealing is met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.

Docket No. 34 at 2-3.

While Valley Health indicates that it contacted Aetna about the filing of this document "out of an abundance of caution," *id.* at 2 n.2., the parties did not comply with the Court's order as outlined above requiring either (1) the removal of the confidentiality designation or (2) the designating party's provision of a declaration to be filed in support the request to seal.

Accordingly, for the reasons outlined herein, any party who wishes for this manual to remain sealed shall file further support with respect to the motion to seal.

## V.   CONCLUSION

For the reasons discussed more fully above, the Court **ORDERS** as follows:

- The Clerk's Office is **INSTRUCTED** to keep sealed for the time being the documents at Docket Nos. 57, 62, and 70;

- The Clerk's Office is **INSTRUCTED** to unstrike Docket Nos. 61 and 62, but to keep Docket No. 62 sealed for the time being;

- No later than December 9, 2016, any party who wishes to seal the documents at issue in the motions at Docket Nos. 56, 61, and 71 is **ORDERED** to file further support to the motions.

- To the extent Aetna does not object to the unsealing of the manual at issue in Docket No. 71, it is **ORDERED** to file a notice so indicating no later than December 9, 2016.

- To the extent any party seeks redaction in the event the Court determines sealing a document in its entirety is not appropriate, that party is **ORDERED** to file proposed redactions no later than December 9, 2016.
- The failure to file further support for these motions to seal may result in the unsealing of the underlying documents.
- Counsel are further **ORDERED** to carefully review the Court's order at Docket No. 34, and to ensure that any future motions to seal comply with it.

IT IS SO ORDERED.

DATED: December 2, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge