UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| VALLEY HEALTH SYSTEM LLC, et al., | Case No. 2:15-cv-01457-JCM-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket Nos. 56, 61, 71) |
| AETNA HEALTH, INC., et al., |  |
| Defendant(s). |  |

Pending before the Court are various motions to seal. Docket Nos. 56, 61, 71. The Court ordered that supplements be filed with respect to the first three motions. Docket No. 100. Supplements have now been filed as to those motions. *See* Docket Nos. 110, 111. The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-1.

**I.    STANDARDS**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

The standard applicable to a motion to seal turns on whether the sealed materials are submitted in conjunction with a dispositive or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *See*

*Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016). Parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1137).

On the other hand, parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).

The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) (applying Ninth Circuit law regarding competitive harm to business and the definition of "trade secret"). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

The burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178. The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Kamakana*, 447 F.3d at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential nature of documents). Such "conclusory offerings do not rise to the level of

'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182. In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Lastly, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

## II. DOCKET NO. 56

Valley Health's motion to seal relates to a motion to compel arbitration,[1] and seeks to seal five contracts. *See* Docket No. 56; *see also* Docket No. 57 (sealed documents). The parties have now resolved the arbitration issues among themselves and the underlying motion to compel arbitration was withdrawn. *See* Docket Nos. 113, 115. Hence, a controversy no longer exists with respect to these documents for which sealing is sought and there is no need for them to remain on the docket.

Accordingly, the Clerk's Office is **INSTRUCTED** to **STRIKE** Docket No. 57 from the docket, including all exhibits thereto, and the motion to seal at Docket No. 56 is **DENIED** as moot.

## III. DOCKET NO. 61

Aetna's motion to seal relates to the response to the motion to compel arbitration. Docket No. 61; *see also* Docket No. 62 (sealed documents). As noted above, the motion to compel arbitration has been withdrawn and no controversy exists with respect to this responsive brief.

Accordingly, the Clerk's Office is **INSTRUCTED** to **STRIKE** Docket No. 62 from the docket, including all exhibits thereto, and the motion to seal at Docket No. 61 is **DENIED** as moot.

---

[1] The motion to seal also references the submission of documents filed in relation to the motion to dismiss. *See, e.g.*, Docket No. 56 at 2. Although not entirely clear, it appears the motion to dismiss relates to these agreements only to the extent it tangentially addresses arbitration issues. *See, e.g.*, Docket No. 58 at 4, 5. Moreover, it does not appear that the motion to dismiss itself cites any of the exhibits at issue. *See, e.g.*, *id.*

## IV. DOCKET NO. 71

Valley Health's motion to seal relates to a motion to compel discovery, and is predicated entirely on the fact that Aetna designated a manual as "confidential" pursuant to the stipulated protective order. Docket No. 71 at 2; Docket No. 111 at 5-6; *see also* Docket No. 70 (sealed documents). Aetna has submitted the declaration of Valerie Peppin in support of the sealing of this document. Docket No. 110-2 at ¶¶ 13-17. Because the exhibit was filed in conjunction with a discovery motion, the Court applies the good cause standard to the request to seal it. That declaration explains that the manual is kept strictly confidential by Aetna and is only available electronically within Aetna's internal computer systems. *Id.* at ¶ 13. The manual contains detailed information regarding the methodologies Aetna uses to price reimbursement claims and detailed instructions to Aetna's claims processors for adjudicating claims. *Id.* at ¶ 14-15. The public disclosure of the manual would allow competitors to use the information that Aetna has developed at its own cost. *See id.* at ¶¶ 16-17. The Court finds this showing sufficient to satisfy the good cause standard, and the motion to seal at Docket No. 71 is therefore **GRANTED**.

## V. CONCLUSION

For the reasons discussed more fully above, the Court **ORDERS** as follows:

- The Clerk's Office is **INSTRUCTED** to **STRIKE** Docket No. 57 from the docket, including all exhibits thereto, and the motion to seal at Docket No. 56 is **DENIED** as moot;

- The Clerk's Office is **INSTRUCTED** to **STRIKE** Docket No. 62 from the docket, including all exhibits thereto, and the motion to seal at Docket No. 61 is **DENIED** as moot;

- The motion to seal at Docket No. 71 is **GRANTED**;

IT IS SO ORDERED.

DATED: January 3, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge